Chief Justice Robertson
delivered the Opinion of the Court in this case — which was submitted before Judge Ewing took his seat on the bench.
Sidney Bedford, who, though a father and husband, was aQ jnfan^ bought two slaves, and gave, to the vendors, his promissory note for the payment of the price. During his minority he died, having, after he had attained eighteen years of age, made a will in which he devised the slaves to his child. Afterwards, Henry Clay, as the surviving obligee of the note, brought this suit on it, against the infant child and the widow, as administratrix tic bonis non, and against Jacob Creath, with whom she had intermarried since the death of her first husband; who all pleaded the infancy of the obligor; to which the plaintiff replied: First — that the obligor himself had, by devising the slaves, confirmed the contract; and second —that the executor and administratrix de bonis non had also “ratified and confirmed” it. The Court having sustained a demurrer by the guardian ad litem of the infant, and overruled a demurrer by the administratrix and her husband to that replication, judgment was rendered in favor of the infant, in bar of the action, and against the other defendants for the amount of the note with accruing interest.
The obligation, having been voidable only, might have been confirmed by the obligor himself, had he lived until after twenty one years of age. And, though we have seen no direct authority on the point, we are of the opinion, that his representatives might, as to his estate held by them, have confirmed the contract — the executor, so far as personal assets might be concerned, and the *227 heir, or devisee, to the extent of his interest derived from the deceased obligor.
An infant, over 18 years old,may make a valid will of personal estate; and if he directs his executor to pay his bonds,it amounts it is said, to a confirmation of them in Equity.
An infant, of 18 years old,has full power (by statute) to devise slaves; and such devise, .taking effect, confirms the contract by which he acquired them. Otherwise, the executor, by pleading the testator’s infancy, might invalidate the contract, and thus divest thedevisee of his perfect legal right acquired by the will, as the slaves would revert to the vendor.
But it is not necessary now to decide, whether the replication avers facts sufficient to show that there had been a confirmation by the executor; because we think that the devise itself of the slaves should be deemed a confirmation, especially as the devisees hold the slaves.
It has been said, that, in equity, if an infant over eighteen years of age, having power to devise his personal estate, make a will in which he directs his executor to pay all the debts for which he had given his bond, such a devise would amount to a confirmation of all the bonds which he had given; because, otherwise, his legal right to make such a will would be frustrated, and because the devise is virtually a legacy to the obligee, which the testator had power to give, and the legatee a right to take; and therefore, as the obligee would be entitled, as a legatee, to the amount of the bond, avoiding the bond by a plea of infancy, would be a nugatory act. Bingham on Infancy, 70.
The same reasoning applies, with even greater effect, to the devise of the thing for which the bond was given. Such a devise should, jn our opinion, be deemed a confirmation at law as well as in equity. If the personal representative could now avoid the bond by the plea of infancy, and should do so, the title to the slaves would, ipso fado, revest in the vendors, and ,the devisees would derive no right to them from the will.
But the law gave to the testator power to devise the slaves, and the executor could not avoid that devise by proving that the testator was not, at his death, twenty one years .of age.
As to the power of devising slaves, a statute of this state has made an infant between eighteen and twenty one years of age, sui juris — and, in effect, thereby abolished, in that particular, the disability of infancy. If the bond be avoided in consequence of infancy, the devisees could not hold the slaves, because, being volunteers, they can stand, as to the"title, in no better condition than the testator himself would have been in, had he, in his lifetime, avoided the bond.
Joint action n> gainst executor anddevisee; plea (testator’s infancy) overruled, as to the former, but au to the latter, erroneously sustained, but,as the plaintiff below does not complain of that error, and the executor cannot, judgment affnmed..
But the testator having perfect legal power to devise the slaves, the devisees must have a perfect right to hold them; and the executor; therefore, could- do nothing which would defeat the will and divest the devisees of their vested rights. Could he do so, then the testator had not a perfect right to devise the slaves. But the statute gave him as .full power to make an effectual devise of them as he would have had if he had been twenty-one years old. As to the title to the slaves, the testator was not an infant; and if he could, as an adult, pass the title to the slaves, the act of doing so should operate as a confirmation of the contract by which he acquired his only right to them — and without possessing which he could not have devised them. The legal power to devise the slaves implies a legal power, at the same time and by the same act, to confirm the contract by which the testator acquired his right to them.
Wherefore, it seems to us that, as the will is effectual to pass the title to the slaves, and cannot be defeated by infancy, the executor is bound by it, and the devise of the slaves should have the legal effect of confirming the contract with the vendor, and of precluding the executor, or the devisee, or heir, from avoiding it by pleading the infancy of his testator.
As the devise confirmed the contract, and especially as it was accepted, the confirmation was binding on the devisee as well as the executor;' and therefore, the judgment should have been against both; but the plaintiff in the action does not complain, and the personal representative against whom the judgment was rendered, has no cause- for complaining, that the judgment was not also against the infant, because, had there been such a judgment, it would not have operated jointly, but would have been enforced first against the personal assets.
Wherefore, the judgment must be affirmed.